ROBERT TAFT AND JENNIFER TAFT,

Plaintiffs,

vs.

NATIONWIDE GENERAL INSURANCE
COMPANY

Defendant.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationwide General Insurance Company ("Defendant"), by and through their undersigned counsel, hereby remove this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Polk County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendants state as follows:

1.      This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Polk County, on April 24, 2026, under the name and style of *Robert Taft and Jennifer Taft v. Nationwide General Insurance Company, et al.*, 25CV000156-740.  Because Polk County is situated within this district, this Court is the proper venue for removal.  *See* 28 U.S.C. § 1446(a).

2.      Upon information and belief, Plaintiffs' counsel mailed the Summons and Complaint by certified mail to Mike Causey at the North Carolina Department of Insurance ("NC DOI"), and the NC DOI accepted service on May 19, 2026.

3.      On June 11, 2026, Defendant was served with the Service of Process Package. (*See* CSC Notice of Service of Process dated June 11, 2026, attached hereto as **Exhibit 1**).

4. Pursuant to Rule 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."

5. "The time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)).

6. Here, the Summons and Complaint were not served on or otherwise received by Defendant until, at earliest, June 11, 2026. Accordingly, Defendant's time for removal, at earliest, is July 14, 2026, therefore the time for removal has not yet expired.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

7. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiffs and Defendant.

### I. Complete Diversity of Citizenship Exists

8. Upon information and belief, Plaintiff Robert Taft is a citizen of West Virginia. (*See* a true and accurate copy of Plaintiff's Complaint, attached hereto as **Exhibit 2** at ⁋ 1).

9. Upon information and belief, Plaintiff Jennifer Taft is a citizen of North Carolina. Exhibit 2 at ⁋ 2.

10. Defendant is an insurance company organized and existing under the laws of the State of Ohio, with its principal office located in Columbus, Ohio. Therefore, Defendant is a citizen of Ohio. (Ex. 2 at ⁋ 4).

11.     Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II.     The Amount in Controversy Exceeds $75,000

12.     As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Plaintiffs allege they are entitled to recover an amount in excess of twenty-five thousand dollars ($25,000) for Defendants' alleged breach of contract. (*See* Exhibit 2 at ¶ 71.)

14.     Plaintiffs further allege they are entitled to recover an amount in excess of twenty-five thousand dollars ($25,000) for Defendants' alleged violations of N.C. Gen. Stat. § 75-16, as well as treble damages and attorney's fees. (*See* Exhibit 2 at ¶ 91; Prayer for Relief, ¶ 6).

15.     Plaintiffs' Complaint further seeks punitive damages alleging, "Public policy requires that Defendant be punished for their wrongful, reckless, malicious, and oppressive conduct" and therefore Plaintiffs "request that an award of punitive damages, in an a sum in excess of twenty-five thousand dollars ($25,000.00), be assessed against Defendant" (Exhibit 2 at ¶¶ 100; 101).

16.     When determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); see also *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

17.     Furthermore, the insurance benefits available to Plaintiffs under the subject policy are well in excess of $75,000. (*See* **Exhibit 3** – a true and accurate copy of the Policy)

18. In *McDonald v. Automoney, Inc.*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[,]**' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

19. Likewise, in *Canon v. Automoney, Inc.*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

20. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiffs' Complaint.

21. Further, Plaintiffs' Complaint establishes, by a preponderance of the evidence, that their damages exceed $75,000.00.

22. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

4

23.     As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

24.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

25.     Pursuant to 28 U.S.C. § 1446(a), the Civil Summons is attached as **Exhibit 4** and the Complaint is attached as **Exhibit 2**.

26.     All documents associated with Case No. 25CV000386-740 of which Defendant is aware are attached hereto.

27.     Defendant reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

28.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Polk County, and served on the other parties to this action forthwith. A copy of that Notice is attached hereto as **Exhibit 4**.

Respectfully submitted, this the 18th day of June, 2026.

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Gabrielle E. Gorman (N.C. Bar No. 59317)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com
Email: gabrielle.gorman@wbd-us.com

*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that she is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on June 18, 2026, she served a copy of the foregoing **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** via email to the following:

.

      Ava Lynch, Esq. (N.C. Bar No. 50594)
      1015 Ashes Drive, Suite 100
      Wilmington, North Carolina 28405
      Telephone: (910) 834-8279
      Facsimile: (888) 347-1535
      Email: alynch@yourinsuranceattorney.com

      *Attorney for Plaintiffs*

      /s/ *Andrew K. Sonricker*
      Andrew K. Sonricker (N.C. Bar No. 55224)
      Gabrielle E. Gorman (N.C. Bar No. 59317)
      Rachel E. Keen, (N.C. State Bar No. 27777)
      Womble Bond Dickinson (US) LLP
      555 Fayetteville St., Suite, 1100
      Raleigh, North Carolina 27601
      Telephone: (919) 755-2100
      Facsimile: (919) 755-2150
      Email: andrew.sonricker@wbd-us.com

      *Attorney for Defendant*